**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **OHIO AND VICINITY REGIONAL COUNCIL OF CARPENTERS,**  )  )  )  **Plaintiff,**  )  )  **v.**  )  )  **ARCHER INTERIORS, INC.,**  )  )  **Defendant.**  ) | **CASE NO. 5:08CV1996**  **JUDGE SARA LIOI**  **MEMORANDUM OPINION AND ORDER** |

This Memorandum Opinion and Order arises out of the cross-motions for summary judgment filed by Plaintiff Ohio and Vicinity Regional Council of Carpenters ("OVRCC") and Defendant Archer Interiors, Inc. ("Archer Interiors"). (Doc. Nos. 47, 48.) For the reasons that follow, both motions are **DENIED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On June 26, 2000, Heppner-Pritt & Associates, Inc. ("Heppner-Pritt") executed a short form agreement that bound it to an area-wide collective bargaining agreement (the "Agreement") through April 30, 2009. (Compl. ¶ 6; Answer ¶ 6.) Among other provisions, the Agreement prohibited Heppner-Pritt from subcontracting work to contractors that were not also signatories to the Agreement. (Compl. Ex. B at 32.)

Throughout 2006 and the first half of 2007, Heppner-Pritt subcontracted drywall hanging work to DK Drywall, a non-signatory to the Agreement. (Croasmun Dec. ¶ 4.) OVRCC agreed not to file a grievance if Heppner-Pritt promised to comply with the Agreement in the future. (*Id.*) Nevertheless, Heppner-Pritt continued to subcontract to DK Drywall and other non-signatories, and thus OVRCC filed a grievance against Heppner-Pritt on July 24, 2007. (Croasmun Decl. ¶ 5; Compl. ¶ 10; Answer ¶ 8.) OVRCC and Heppner-Pritt executed a settlement agreement on

November 16, 2007, wherein Heppner-Pritt paid $5,000 in damages and reaffirmed its obligations under the Agreement. (Compl. ¶ 11; Answer ¶ 9.)

On November 13, 2007, three days before the settlement agreement was executed, the two largest owners of Heppner-Pritt—James Heppner ("Heppner") and Donald Scott Archer ("Archer")—formed Archer Interiors, a non-union company. (Compl. ¶ 12; Answer ¶ 10.) The record does not indicate that OVRCC had any knowledge of Archer Interiors's incorporation.

On August 28, 2008, OVRCC filed a complaint in this Court alleging that Archer Interiors was formed for the purpose of evading Heppner-Pritt's obligations under the Agreement, and that Archer Interiors and Heppner-Pritt are alter egos and/or a single employer/integrated enterprise. (*See* Compl. ¶¶ 22-23.) OVRCC seeks a declaratory judgment that Archer Interiors is bound by the Agreement and must therefore arbitrate its alleged violations of the Agreement. (*See* Compl. ¶¶ 24-27.) The parties filed cross-motions for summary judgment on OVRCC's alter ego and single employer/integrated enterprise theories (Doc. Nos. 47, 48), which are ripe for this Court's review.

## II. STANDARD OF REVIEW

On motion for summary judgment, a party is entitled to judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denial of the adverse party's pleading," *id.*, but "must present significant probative evidence in support of its complaint to defeat the motion for summary judgment," *Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993). A mere scintilla of evidence showing only "some metaphysical doubt as to the material facts" is not sufficient to defeat a motion for summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citation omitted). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Street*, 886 F.2d at 1479; *Fulson v. Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *White v. Turfway Park Racing Ass'n*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards; thus, here the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.

### III. LAW AND ANALYSIS

OVRCC argues that Archer Interiors is bound by the Agreement under both an "alter ego" and a "single employer" theory. The factors of each theory are set forth as follows:

**A. Alter ego**

"In the context of labor disputes, the alter ego doctrine has developed to prevent employers from evading labor law obligations merely by changing or altering their corporate form." *Nw. Ohio Admins., Inc. v. SEA Builders Corp.*, 2001 WL 1344826, at *3 (N.D. Ohio Oct. 31, 2001) (citing *NLRB v. Allcoast Transfer, Inc.*, 780 F.2d 576, 579 (6th Cir. 1986)). Federal common law governs the alter ego determination. *Yolton v. El Paso Tenn. Pipeline Co.*, 435 F.3d 571, 586 (6th Cir. 2006) (quoting *NLRB v. Fullerton Transfer & Storage Ltd., Inc.*, 910 F.2d 331, 335 (6th Cir. 1990)); *Mich. Elec. Employees Pension Fund v. Encompass Elec. & Data, Inc.*, 556 F. Supp. 2d 746, 769 (E.D. Mich. 2008). "[A] determination of alter ego status is a question of fact." *Wilson v. Int'l*

3

*Bhd. of Teamsters*, 83 F.3d 747, 759 (6th Cir. 1996) (quoting *Allcoast*, 780 F.2d at 579). To determine whether two companies are alter egos, courts consider "whether the two enterprises have substantially identical management, business, purpose, operation, equipment, customers, supervision and ownership." *Yolton*, 435 F.3d at 587 (citations omitted). Though each of the factors is relevant, none are dispositive or controlling. *Id.*

In addition to the above eight factors, courts also consider whether the company was formed with the intent to evade preexisting labor obligations. *Allcoast*, 780 F.2d at 581. That said, "a finding of employer intent is not essential or prerequisite to imposition of alter ego status." *Id.* Indeed, "if a company merely changed its corporate form for legitimate tax or corporate reasons, it is hard to see why the new entity should be able to disregard an existing collective bargaining agreement [. . .]." *NLRB v. Hosp. San Rafael, Inc.*, 42 F.3d 45, 50 (1st Cir. 1994). Thus, "'even when a reorganization is supported by legitimate reasons, the employer may be prevented from avoiding its prior labor obligations.'" *Yolton*, 435 F.3d at 587 n.14 (quoting *Allcoast*, 780 F.2d at 582).

**B. Single employer**

The alter ego doctrine focuses on whether a corporation is formed or run in order to circumvent a collective bargaining agreement, whereas the single employer doctrine simply determines whether two businesses are owned and operated as a single unit. *See A&M Installations*, 395 F.3d at 248 ("'[A]n intent to evade' preexisting obligations is 'clearly the focus of the alter ego doctrine.'" (citations omitted)); *San Rafael*, 42 F.3d at 50 (citing *Penntech Papers, Inc. v. NLRB*, 706 F.2d 18 (1st Cir. 1983)) (single employer doctrine treats two ongoing businesses as a single employer if they are owned and operated as a single unit); *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 504-08 (5th Cir. 1982) (discussing difference between two doctrines). "Most of the alter ego criteria remain relevant [to a single employer finding] but motive is normally considered irrelevant." *San Rafael*, 42 F.3d at 50. To determine if two business entities are a single employer, courts should consider four factors: (1) common ownership; (2) common

4

management; (3) centralized control of labor relations; and (4) interrelation of operations. *NLRB v. Palmer Donavin Mfg. Co.*, 369 F.3d 954, 957 (6th Cir. 2004) (citing *Radio & Tel. Broad. Technicians Local 1264 v. Broad. Serv. of Mobile, Inc.*, 380 U.S. 255, 256 (1965)). Not all of these four factors need be met in every case, but—as evidenced by the eponym of the doctrine—control over labor relations is a paramount concern of the single employer test. *See Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 994 (6th Cir. 1997) (citations omitted).

## IV. CONCLUSION

Based upon a careful review of the parties briefs and Rule 56 evidence, the Court finds that there are genuine issues of material fact as to both theories advanced by OVRCC and, therefore, the motions for summary judgment filed by OVRCC and Archer Interiors (Doc. Nos. 47, 48) are **DENIED**.

**IT IS SO ORDERED**.

Dated: August 24, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**